IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DONALD MIMS, | : | |
|---|---|---|
| | : | 4:09-cv-1806 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| B.A. BLEDSOE, et al., | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### December 15, 2009

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc.10), filed on November 24, 2009, which recommends that the petition of Donald Mims ("Petitioner" or "Mims"), for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by December 14, 2009.

1

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

II.  **PROCEDURAL BACKGROUND**

Petitioner, proceeding *pro se*, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 18, 2009. (Doc. 1). The filing fee having been paid, on October 20, 2009, an order to show cause was issued by the Court requiring the Respondents to show cause why the Petitioner should not

2

be granted habeas corpus relief. (Docs. 5 and 6). The Respondents filed a response to the petition on November 9, 2009. (Doc. 9). Thereafter, Magistrate Judge Carlson issued the instant R&R, recommending dismissal of the petition.

## III. DISCUSSION

Magistrate Judge Carlson aptly recommends that the petition be dismissed because Mims "invites this Court to use the writ of habeas corpus for an end far removed from its intended purpose." (Doc. 10, p. 1). In particular, Mims is asking the Court to issue a writ of habeas corpus that would regulate the conditions of his current confinement and prohibit the Bureau of Prisons from requiring him to engage in anger management programs, rather than address the fact, duration, and lawfulness of Petitioner's confinement. Since it is well established that the types of complaints made by Mims in his petition do not sound in habeas, the petition must be dismissed.

As we have already mentioned, neither Respondents nor the Petitioner have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this

document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order shall issue.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD MIMS, | :    CIVIL NO. 4:09-CV- 1806 |
|       Petitioner, | :    (Judge Jones) |
| v. | : |
| | :    (Magistrate Judge Carlson) |
| B. A. BLEDSOE, et al., | : |
|       Respondents, | : |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

In this *pro se* petition, Donald Mims, a federal inmate, invites this Court to use the writ of habeas corpus for an end far removed from its intended purpose. Specifically, Mims urges the court to issue a writ of habeas corpus which would regulate the conditions of his current confinement, and prohibit the Bureau of Prisons from requiring him to engage in anger management programs, rather than address the fact, duration and lawfulness of Mims' confinement. Because Mims is not entitled to use of writ of habeas corpus to secure the relief he seeks, it is recommended that this petition should be dismissed, without prejudice to Mims bringing a separate civil action challenging the conditions of his confinement.

## II. STATEMENT OF FACTS AND OF THE CASE

Donald Mims is a federal prisoner who is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. According to exhibits which Mims has attached to his petition, while in prison Mims has amassed an extensive disciplinary record, having received 40 incident reports since he commenced his federal incarceration. (Doc. 1, Appendix.) Indeed, in the past five years alone, Mims has been cited 21 times by prison staff for a variety of violent acts and prison infractions. These disciplinary violations have included assault, attempted assault, fighting, weapons possession, and use of intoxicants. (*Id.*) According to correctional officials, Mims' escalating potential for angry, violent behavior has been described in the following terms:

> Inmate Mims has engaged in a pattern of disruptive behavior at several institutions and continues to engage in this disruptive behavior. Progressive discipline has not been . . . effective in managing his disruptive behavior and his continued disruptive behavior is indicative of a need for greater supervision.

(*Id.*)

Confronted with a spiraling pattern of disruptive violence by this inmate, officials at the Lewisburg Penitentiary have placed Mims in the Special Management Unit at this correctional facility. According to the federal inmate handbook which

2

Mims has attached to his habeas petition, the Special Management Unit is: " a multi-level program whose mission is to teach self-discipline, prosocial values, and the ability to successfully coexist with members of other geographical, cultural, and religious backgrounds." (*Id.*)

The Special Management Unit program is 18-24 months in duration. According to the materials submitted by Mims, the program includes psychological services, educational and recreational programs in a structured environment, medical services, and a series of inmate-incentives designed to promote self-discipline, and the ability to successfully coexist with members of other geographical, cultural, and religious backgrounds. (*Id.*)

On September 18, 2009, Mims filed a petition for writ of habeas corpus which challenged his placement in the Special Management Unit program. While Mims' petition acknowledges the "non-punitive" nature of the program, in this petition Mims objects to "being forced to participate in a non-punitive special management program", stating that he "honestly believes the special management program . . . is an unauthorized psychological experiment and observation, to which he has not consented . . . ." (*Id.*) On the basis of this assertion, Mims asks the Court to invoke the writ of habeas corpus and prohibit prison officials from requiring Mims to participate in this program. (*Id.*)

3

This matter has been fully briefed by the parties and is now ripe for disposition. Because Mims' petition misconstrues the reach of the great writ of habeas corpus, it is recommended that the petition be denied, without prejudice to Mims filing a different type of civil action challenging this program, if he chooses to do so.

### III. DISCUSSION

The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined purpose. The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration and lawfulness of that custody. As the United States Court of Appeals for the Third Circuit has aptly noted: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' " *Powers of Congress and the Court Regarding the Availability and Scope of Review,* 114 Harv. L.Rev. 1551, 1553 (2001)." *Leamer v. Fauver* 288 F.3d 532, 540 (3d Cir. 2002). However, there is a necessary corollary to this principle, one which has long been recognized by the courts; namely, "[i]f a ... prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional

purpose of habeas corpus. In [such cases], habeas corpus is not an appropriate or available federal remedy." *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973).

Thus, where a prisoner wishes to constitutionally challenge some aspect of the conditions of his confinement unrelated to the fact or duration of his detention, courts have repeatedly held that the writ of habeas corpus is not the proper vehicle for bringing this legal challenge. For example, in *Leamer v. Fauver, supra* the United States Court of Appeals discussed whether a habeas corpus petition was the appropriate tool for an inmate to use when challenging a prison disciplinary placement decision, like the decision at issue in this case. In terms that are equally applicable here the Court of Appeals held that these type of claims are not cognizable under habeas, stating:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when [habeas and other civil rights relief] is unavailable: whenever the challenge ultimately attacks the "core of habeas" -the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [other civil rights statutes] is appropriate.

*Leamer,* 288 F.3d at 542.

Following *Leamer*, courts have often considered invitations by inmates to use the writ of habeas corpus to examine prison disciplinary placement decisions, including decisions to place federal inmate in special management unit programs. Without exception, these invitations have been declined by the courts as a legal exercise which fall beyond the scope of habeas corpus jurisdiction. *See e.g., Dickerson v. Diguglielmo*, 306 F. App'x. 707 (3d Cir. 2009); *Jupiter v. Warden, U.S.P. Lewisburg*, 237 F. App'x. 726 (3d Cir. 2007); *Levi v. Holt*, 193 F. App'x. 172 (3d Cir. 2006); *Beckley v. Miner*, 125 F. App'x. 385 (3d. Cir 2005); *Woodruff v. Williamson*, No. 06-2310, 2009 WL 703200 (M.D. Pa. March 12, 2009)(SMU placement); *McKettrick v. Williamson*, No. 06-543, 2006 WL 1307929 (M.D. Pa. March 22, 2006)(SMU placement). *See generally, Torres v. Fauver*, 292 F.3d 141 (3d. Cir. 2002).

These settled legal tenets control here and are fatal to Mims' habeas petition. Since it is well established that the types of complaints made by Mims simply do not sound in habeas, this petition must be dismissed. Mims' recourse, if any, would be through a *Bivens* civil rights action challenging this prison disciplinary placement. However, because the filing requirements for habeas and *Bivens* actions differ, and the two types of actions raise different issues in terms of procedural requirements and substantive standards, it would not be appropriate to simply construe Mims' pleading,

which was clearly designated as a habeas petition, as a *Bivens* action. Instead, it is recommended that this petition be dismissed without prejudice to Mims later filing a separate action under *Bivens*, if he chooses to do so. *Woodruff v. Williamson*, No. 06-2310, 2009 WL 703200, at 6 (M.D. Pa. March 12, 2009)(dismissing habeas petition challenging SMU placement without prejudice to separate *Bivens* civil action).

IV.   **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, **IT IS RECOMMENDED** that the Petition be **DENIED** without prejudice to the filing of a separate civil action challenging this prison disciplinary placement, if the plaintiff choose to do so, and that a certificate of appealability should not issue. The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of November 2009.


*S/Martin C. Carlson*
**United States Magistrate Judge**